<u>NOT FOR PUBLICATION</u>

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

LEON E. COLLINS,   :
                   :   CIV. NO. 20-12045(RMB-JS)
     Plaintiff    :
                   :
     v.            :           **OPINION**
                   :
YVETTE TRUITT and OFFICER :
JOSEPH KUCHMEK,    :
                   :
     Defendants   :

BUMB, DISTRICT JUDGE

Plaintiff Leon E. Collins, a pretrial detainee confined in the Camden County Correctional Facility, filed this civil rights action on August 31, 2020. (Compl., ECF No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

>equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff submitted only the signature page of the application to proceed without prepayment of the filing fee, and therefore has not met the requirements of 28 U.S.C. § 1915(a).

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $402.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

>Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

2

For the reasons discussed below, the Court would dismiss the complaint upon screening.

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Although *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Owens v. Armstrong, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. See Thakar v. Tan, 372 F.App'x 325, 328 (3d Cir. 2010). "To survive *sua sponte* screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible." Black v. United States, 436 F.Supp.3d 813, 815 (D.N.J. 2020) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Fair Wind Sailing, Inc., 764 F.3d at 308 n.3. However, if a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, alleging his constitutional rights were violated when the defendants failed to protect his safety. The only other information provided in the Complaint is that Plaintiff was taken from his holding cell in Pennsauken to the hospital. The Complaint contains only a legal conclusion that the defendants violated Plaintiff's constitutional rights.

To state a Fourteenth Amendment Due Process claim for failure to protect a pretrial detainee's safety, the plaintiff must "plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (quoting Farmer

5

v. Brennan, 511 U.S. 825, 834 (1994); Hamilton v. Leavy, 117 F.3d 742, 746 (1997)). To establish deliberate indifference, "the inmate must show that the official 'knows of and disregards an excessive risk to inmate health or safety….'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer, 511 U.S. at 838.) Plaintiff has not pled sufficient facts to state a claim against the defendants. Therefore, upon conclusive screening, the Court would dismiss the complaint without prejudice.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action.

An appropriate Order follows.

DATE: **February 18, 2021**

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**